IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Imam H.S. Mahdi, | ) | Case No.: 4:22-cv-00350-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| South Carolina Department of Social Services, Donna Butler, Adrienne Bullard, Karen Freeman, Rachelle Keefe, Carmon Brokenton, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Imam H.S. Mahdi ("Mahdi" or "Plaintiff"), proceeding *pro se*, brought this action against Defendants South Carolina Department of Social Services, Donna Butler, Adrienne Bullard, Karen Freeman, Rachelle Keefe and Carmon Brokenton (collectively "Defendants"), pursuant to 28 U.S.C. § 1331 as a 42 U.S.C. § 1983 action. (DE 1.)

As to federal question jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff alleges DSS "kidnapped" his six children. (DE 1, ¶ 3.) Plaintiff alleges his children are in danger by being with their mother. (DE 1, ¶ 5.) Plaintiff alleges he began the process to get a lawyer to gain custody of his children, but that he "put it on hold hoping that DSS would turn my children over

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

2

to me." (DE 1, ¶ 5.) Plaintiff allege he "asked" DSS numerous times for his children. Plaintiff cites to the criminal statute for kidnapping. (DE 1, ¶ 9.) Plaintiff contests the unsupervised time given to the children's mother. (DE 1, ¶ 13).

The Report and Recommendation was issued on February 10, 2022, recommending that this action be dismissed for lack of subject matter jurisdiction. (DE 7.) Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

April 1, 2022
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.